NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 18 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ISRAEL HARO MENDOZA, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No. 23-1976 Agency No. A200-446-428 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2025[**]
Pasadena, California

Before: PAEZ, TALLMAN, and R. NELSON, Circuit Judges.

Israel Haro Mendoza, a native and citizen of Mexico, petitions for review of

a Board of Immigration Appeals (BIA) decision dismissing his administrative

appeal from an order of an Immigration Judge (IJ) denying his applications for

asylum, withholding of removal, and cancellation of removal under the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Immigration and Nationality Act (INA) and withholding of removal and deferral of removal under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Haro Mendoza has waived review of the denial of his applications for asylum, withholding of removal under the INA and the CAT, and cancellation of removal because he does not challenge the agency's reasons for denying those applications. The IJ determined that Haro Mendoza was ineligible for asylum because he was convicted of an aggravated felony, ineligible for both forms of withholding because that felony was a particularly serious crime, and likewise ineligible for cancellation of removal because it was an aggravated felony drug trafficking crime. *See* 8 U.S.C. § 1158(b)(2)(B)(i); *id*. § 1101(a)(43); *id.* § 1231(b)(3)(B)(ii); *id*. § 1229b(b)(1)(C); 8 C.F.R. § 1208.16. The BIA expressly adopted and affirmed the IJ's decision. Although Haro Mendoza acknowledges that he was found ineligible for such relief because of his criminal conviction, he only argues the merits of his claims. He does not "specifically and distinctly" argue that the agency's determinations concerning the crime were erroneous, or that his conviction did not render him ineligible for the INA relief sought or CAT withholding. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (quotation omitted). Haro Mendoza thus waived these claims. *Id.*

2. Substantial evidence supports the IJ's determination, which the BIA

adopted, that Haro Mendoza is ineligible for CAT deferral of removal. The IJ determined that Haro Mendoza did not establish that it was more likely than not that he would be tortured if removed to Mexico because he failed to prove any element of a CAT deferral claim. *See* 8 C.F.R. § 1208.18(a)(1). His past interactions with a police officer in the early 1990s do not rise to the "extreme" level of torture. *See Hernandez v. Garland*, 52 F.4th 757, 769 (9th Cir. 2022); 8 C.F.R. § 1208.18(a)(1)-(2). And the record does not reflect that Haro Mendoza would "face a particularized and non-speculative risk of [future] torture." *See Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023) (emphasis in original omitted). Finally, there is no evidence that any torture would occur with the Mexican government's awareness or acquiescence. *See id.* Haro Mendoza is thus ineligible for CAT deferral of removal.

**PETITION DENIED.**[1]

---

[1] Petitioner's motion to stay removal pending our resolution of his petition for review is denied as moot.